UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY LYNN WALDEE,

    Plaintiff,

v.                            CASE NO.:

CAPITAL MANAGEMENT HPP, INC.,
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, AMY LYNN WALDEE ("Ms. Waldee" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Polk County, Florida.

4. Plaintiff worked for Defendant in Polk County, Florida, and the venue, therefore, for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Walsh worked for Defendant as a Quality Assurance/Maintenance Supervisor from March 26, 2018, until her termination on May 29, 2019.

8. Plaintiff suffered a serious injury on May 26, 2019, resulted in a deep bruise to her chest plate, and a fractured rib, both of which required continuing treatment and immediate hospitalization.

9. Plaintiff notified Defendant of her medical situation and provided Defendant with documentation regarding same.

10. Plaintiff further notified Defendant that, upon release from the hospital, she was going to be incapacitated and on bed-rest for three (3) additional days, and, upon her return to work thereafter, she would require light duty work on a temporary basis.

11. At no time did Defendant notify Plaintiff of her FMLA rights in response to this need for medical leave, nor did it provide her with FMLA certifications or paperwork advising her that she could take up to twelve (12) weeks of leave time to care for herself.

12. Upon notifying Defendant of her intent to return to work, and providing Defendant with medical documentation supporting her need for medical leave, Defendant summoned Plaintiff to work on May 29, 2019, and terminated her employment without valid cause, reason, or explanation.

13. Terminating an employee for utilizing FMLA leave, or what should be FMLA leave, is the very definition of interference and retaliation, under the FMLA. *See* 29 C.F.R. § 825.220(a)(2).

14. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

15. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave.

16. Defendant acted with intent to terminate Plaintiff when she should have been, and was, FMLA covered.

17. Defendant fired Plaintiff because of her need for FMLA protected time away from work.

18. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

19. Defendant did not have a good faith basis for its actions.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. At all times relevant hereto, Plaintiff was protected by the FMLA.

22. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

23. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

24. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

25. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19, above.

27. At all times relevant hereto, Plaintiff was protected by the FMLA.

28. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use and/or use of what should have been, FMLA protected leave.

29. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

30. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

31. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 23rd day of July 2019.

Respectfully Submitted,

By**:/s *Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

E-mail: noah@floridaovertimelawyer.com
E-mail: rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*